UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:18-cr-00026-TBR-1

JAMES EDWARD BRADLEY (1)  DEFENDANT

v.

UNITED STATES OF AMERICA  PLAINTIFF

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant James Edward Bradley's Motion to Modify his sentence. [DN 85]. The government responded. [DN 88]. Gaines did not timely reply. As such, the matter is ripe for adjudication. For the reasons set forth below, Bradley's motion to modify, DN 85, is **DENIED**.

I. Background

In August of 2018, Bradley was indicted for (1) possession with the intent to distribute methamphetamine, (2) using/carrying a firearm during and in relation to drug trafficking, and (3) being a felon in possession of a firearm. [DN 1]. On December 11, 2019, Bradley executed a Rule 11(c)(1)(A) and (C) plea agreement. [DN 59]. Pursuant to its terms, Bradley agreed to plead guilty to Count 1 of the Indictment in exchange for, in relevant part, the United States to "move for dismissal of Counts 2 and 3 of the Indictment" and "to agree that a sentence of 180 months is appropriate disposition of this case, to run to consecutively to the undischarged term of any other sentence of imprisonment." *Id.* at 5. The Court accepted the plea agreement, dismissing Counts 2 and 3 of the Indictment and sentencing Bradley to "180 months as to Count 1 in the Indictment" which "shall run consecutively to the sentence of imprisonment the defendant is presently serving

in McCracken Circuit Court." [DN 78]. Bradley now asks the Court to modify his sentence to 175 months and to have it run concurrent with his McCracken County sentences. [DN 85].

### II.     Legal Standard

When parties enter into Rule 11(c)(1)(C) plea agreements, "the district court may accept it, or reject it but may not modify it . . . and once the court has accepted it, the Rule 11(c)(1)(C) plea agreement 'dictate[s]' the sentence." *United States v. Green*, 595 F.3d 432, 438 (2d Cir. 2010) (internal citations omitted). Plea agreements are explained under Rule 11 of the criminal code:

> (1) *In General*. An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>
> (A) not bring, or will move to dismiss, other charges; …
>
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (*such a recommendation or request binds the court once the court accepts the plea agreement*).

Fed. R. Crim. P. 11(c)(1) (emphasis added). "[A] plain reading of Rule 11 shows that subsections (c)(1)(B) and (C) . . . control whether a plea agreement binds the District Court to a specific sentence. The rule provides that a sentence recommendation pursuant to subsection (c)(1)(C) 'binds the court once the court accepts the plea agreement.'" *United States v. Phillips,* No. CIV.A. 6:07-81-DCR, 2008 WL 618624, at *9 (E.D. Ky. Mar. 3, 2008). "In a 'sentence bargain' plea agreement, under Rule 11(c)(1)(C), the government and defense agree on a specific sentence or sentencing range, or agree that a particular provision of the guidelines, a policy statement, or sentencing factor does or does not apply. Such an agreement is binding on the court once the court

accepts the plea agreement." Fed. Sent. L. & Prac. § 6B1.1 (2021 ed.). Accordingly, if a court accepts a Rule 11(c)(1)(C) plea agreement, the sentence provided in the plea is applicable rather than the recommended guideline range provided in the Presentence Investigation Report. *See Green*, 595 F.3d at 440.

### III.   Discussion

The government argues that the "Court lacks jurisdiction to modify [Bradley's] sentence." [DN 88]. A Court can only modify a term of imprisonment under very limited circumstances. Defendant must rely on 18 U.S.C. § 3582(c) or Federal Rule of Criminal Procedure 35 to amend his sentence. Neither are applicable to Defendant's case. First, Rule 35 only allows the Court to correct or reduce a sentence when there is a clear error or the government makes a motion to have the sentence reduced as a result of a defendant's substantial assistance. Fed.R.Crim.P. 35(a), (b). Section 3582(c) states that a court may not modify a term of imprisonment except in cases where the Director of the Bureau of Prisons files a motion to reduce a defendant's sentence, when extraordinary and compelling reasons warrant such a reduction, in cases where Rule 35 is applicable, or in cases where the sentencing range has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Additionally, Bradley waived his rights to this modification under the terms of the plea agreement and the Court is bound by such agreement. The Court therefore lacks jurisdiction to make any modification to Bradley's sentence, however, the Court will nonetheless address Defendant's arguments below to provide clarification on the Court's prior ruling.

In Defendant's motion to modify his sentence, he argues first that he should not be sentenced outside of his sentencing guideline range, and second that his federal term of imprisonment should run concurrent, rather than consecutive, with his state sentences. [DN 85].

When discussing his guideline range, Bradley contends that the Court failed to correct the defendant's total offense level from 31 down to 29 after rejecting the USSG § 2D1.1(b)(1)[1] enhancement for firearm possession. Defendant is mistaken. In the Court's Statement of Reasons following the sentencing, the Court found that there was not enough evidence to support the specific offence characteristic under USSG 2D1.1(b)(1) for firearm possession, and therefore, that enhancement did not apply, making his total offense level a 29. [DN 80]. The Court recognizes that a total offense level of 29 and criminal history category of V has a guideline range between 140 and 175 months, but that fact is irrelevant due to the Court's acceptance of the plea agreement. As stated above, a Rule 11(c)(1)(C) plea is binding once accepted. This means that because the government and Defendant both signed the plea agreement for 180 months, and the Court accepted the agreement, the guideline recommendation is inapplicable.

Similarly, Defendant's argument that his sentence should run concurrent rather than consecutive to his state sentence is without merit. Bradley argues that "the Commission recommendation of consecutive sentencing [is] contrary to 18 U.S.C.S. § 3553(a)(2)(D) insofar[]as requiring defendant to first serve his remaining 4 years on his state sentence before being able to participate in the ordered Residential Drug Abuse Treatment Program (RDAP)." [DN 85]. Defendant cites a dated, nonbinding Seventh Circuit case that neither mentions § 3553 nor supports his contention. [*See* DN 85 (citing *United States v. Hill*, 48 F.3d 228 (7th Cir. 1995))]. Conversely, the Sixth Circuit has held that "[d]istrict judges have the authority to impose concurrent or consecutive terms of imprisonment." *United States v. Jackson*, 541 F. App'x 668, 670 (6th Cir. 2013) (citing 18 U.S.C. § 3584(a))). When deciding whether the sentence should be concurrent or

---

[1] Defendant cited USSG § 2D1.1(a)(5) rather than USSG 2D1.1(b)(1) in his motion. The Court corrected the mistake above, as Defendant was discussing the enhancement for possessing a dangerous weapon during the commission of the crime.

consecutive, "the sentencing court must consider the facts listed in 18 U.S.C. § 3553(a)" and as such, "must consider the recommendations of the Guidelines and any pertinent policy statement." *United States v. Johnson*, 553 F.3d 990, 997 (6th Cir. 2009) (citations omitted). "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. 5G1.3(d). "[W]hen a defendant is on federal or state parole or supervised release at the time of the instant offense, 'the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." *Johnson*, 553 F.3d at 997 (citing U.S.S.G. § 5G1.3(c) (policy statement)).

In the Statement of Reasons, the Court explained that an upward variance was appropriate in this case because of the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1). [DN 80]. This included dismissed and uncharged conduct, Defendant's drug and alcohol dependance, and issues with criminal history. *Id.* Defendant will reap the benefits of the RDAP the Court ordered he complete, irrespective of when he participates in it. Regardless, the Court accepted a binding Rule 11 plea agreement which explicitly stated that the sentence was to run consecutively to Bradley's state sentence. [DN 78]. Bradley knowingly and voluntarily accepted this plea. [DN 59]. Therefore, the Court did not err in this determination and Defendant's current sentence of 180 months to run consecutively to his state court sentence is correct. As such, Bradley's motion to modify, even if the Court had the jurisdiction to do so, must be denied.

### IV. Conclusion

For the reasons discussed herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Modify his Sentence is **DENIED**. [DN 85].

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

November 18, 2021

cc: Counsel

**James Edward Bradley**, *pro se*
183878
ROEDERER CORRECTIONAL COMPLEX
P. O. Box 69
LaGrange, KY 40031